UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| TOWNSEL MYERS, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:19-CV-404 |
| § | |
| NUECES COUNTY JAIL, § | |
| § | |
| Defendant. § | |

### MEMORANDUM AND RECOMMENDATION
### TO IMPOSE SANCTIONS AGAINST PLAINTIFF

Plaintiff Townsel Myers, appearing *pro se* and *in forma pauperis*, has filed this civil action. Plaintiff has filed numerous *pro se* frivolous complaints in this Court, both as a prisoner and non-prisoner. In a separate Memorandum and Recommendation (M&R), the undersigned recommended that this action be dismissed with prejudice as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B). Due to Plaintiff's penchant for filing frivolous civil actions that unduly burden Court resources, the undersigned further recommends that sanctions be imposed against Plaintiff as set forth below.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and ... to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id*. Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191,

1 / 5

195–97 (5th Cir. 1993). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *United States v. Perkins*, 424 F. App'x 328, 329 (5th Cir. 2011) (per curiam).

Plaintiff is a serial filer of frivolous cases in this Court.  As a prisoner, Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  *See Myers v. Texas Dep't of Criminal Justice*, No. 4:17-cv-284 (S.D. Tex. Jan. 31, 2017) (dismissed as frivolous and for failure to state a claim); *Myers v. Does*, No. 4:14-cv-966 (S.D. Tex. May 19, 2014) (dismissed as frivolous); *Myers v. UTMB-MHC*, No. 2:04-cv-61 (S.D. Tex. Mar. 19, 2004) (dismissed for failure to state a claim based on the failure to exhaust administrative remedies).

Pursuant to the three strikes rule in 28 U.S.C. § 1915(g), Plaintiff was barred from filing civil actions while in custody as a prisoner absent a showing he was in imminent danger of serious physical injury.  Plaintiff, however, persisted in filing several prisoner civil rights actions that were barred by this Court pursuant to the three strikes rule.  *See Myers v. Parole Board/Unknown*, No. 2:19-cv-273 (S.D. Tex. Nov. 21, 2019); *Myers v. Nueces County Jail*, No. 2:19-cv-339 (S.D. Tex. Dec. 13, 2019); *Myers v. Nueces County Jail*, No. 2:19-cv-384 (S.D. Tex. Dec. 20, 2019); and *Myers v. UTMB*, No. 2:19-cv-385 (S.D. Tex. Dec. 20, 2019).  Plaintiff has filed this action and four other cases with this Court since his release from custody.  *See Myers v. East Texas Treatment Facility*, No. 2:19-cv-405 (S.D. Tex. filed on Dec. 23, 2019); *Myers v. CCPD*, No. 2:20-cv-20 (S.D. Tex. filed on Jan. 17, 2020); *Myers v. Parole Board*, No. 2:20-mc-185 (S.D. Tex. filed on

Jan. 21, 2020); and *Myers v. CCPD*, No. 2:20-mc-186 (S.D. Tex. filed on Jan. 21, 2020) (collectively referred to as "Plaintiff's Other Pending Actions").

On January 16, 2020, in Case No. 2:19-cv-405, Magistrate Judge Jason B. Libby conducted a telephone conference with Plaintiff to determine whether he could proceed *in forma pauperis*. Magistrate Judge Libby warned Plaintiff during the telephone conference that, if he continues to file frivolous cases in federal court, he could be subjected to sanctions in the form of filing restrictions and monetary fines. (*Myers v. East Texas Transit Facility*, No. 2:19-cv-405, January 16, 2020 Telephone Hearing (3:18:01-3:20:18; 3:21:17-3:22:09)). With regard to possible filing restrictions, Judge Libby explained that the district court had the authority to prohibit Plaintiff from filing any more federal cases. Judge Libby subsequently conducted a *Spears*[1] hearing in that case on February 13, 2020, where he repeated his prior warnings regarding possible sanctions that may be imposed on Plaintiff. (*Id.*, February 13, 2020 *Spears* Hearing (9:27:34-9:28:39).

In addition to filing multiple civil actions with this Court, Plaintiff has recently attempted to file various documents with the Court. Because the Clerk of Court was unable to efficiently process these voluminous and often unintelligible documents, Magistrate Judge Libby issued an Order, docketed in each of Plaintiff's five pending cases, directing: (1) Plaintiff not to file any further motions or documents until the Court

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

3 / 5

has completed the screening process in each of his cases; and (2) the Clerk of Court not to accept future filings from Plaintiff until further order of the Court.

In this case and Plaintiff's Other Pending Actions filed after his release from custody, the assigned Magistrate Judge has recommended dismissal on the grounds that Plaintiff's claims are frivolous and/or fail to state a claim for relief. Thus, since his release from custody, Plaintiff has continued his practice of filing frivolous cases which only serve to burden and outright waste the Court's limited resources. Plaintiff already has been warned about his abusive litigation practices. In light of the recommendations of dismissal issued as to Plaintiff's most recent cases and his attempt to file voluminous and unintelligible documents with this Court, it is clear that appropriate sanctions are necessary to deter Plaintiff from filing additional frivolous civil actions with the Court or engaging in other abusive practices.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff be: (1) sanctioned $100.00 for filing this action and Plaintiff's Other Pending Actions where similar recommendations of frivolousness have been issued; and (2) barred from filing any civil actions in this Court without first satisfying this monetary sanction and obtaining the permission of a district court or magistrate judge to proceed.

The undersigned notes that Plaintiff has been barred from filing any motions or documents in both this action and Plaintiff's Other Pending Actions until the screening process has been completed. In a separate order filed both in this action and Plaintiff's Other Pending Actions, the Court will direct the Clerk of Court to accept for filing at this

time Plaintiff's objections, if any are submitted, to the recommendations to dismiss his cases and this recommendation to impose sanctions.

ORDERED this 2nd day of March, 2020.

                                Julie K. Hampton
                                United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).