Case 2:19-cv-00404 Document 12 Filed on 03/02/20 in TXSD Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
March 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| TOWNSEL MYERS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-404 |
| | § | |
| NUECES COUNTY JAIL, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM AND RECOMMENDATION
# TO DISMISS CASE

Plaintiff Townsel Myers, appearing *pro se* and *in forma pauperis*, has filed this civil action. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2). For purposes of screening and for the reasons set forth below, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

## I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a former prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). After his release from custody, Plaintiff filed this civil action against the Nueces County Jail. In his original complaint, Plaintiff

sued the Nueces County Jail and Officer Supervisor "Bedolla." (D.E. 1). He alleged in a conclusory manner that he was denied medical assistance as well something about harboring an inmate in jail. (D.E. 1, pp. 3-5). Because Plaintiff presented his claims in a conclusory and haphazard fashion, the undersigned directed Plaintiff to file an amended complaint. (D.E. 7). The undersigned provided Plaintiff with detailed instructions in filing his amended complaint, which included requiring Plaintiff to provide specific facts to support his claims. (D.E. 7, p. 2).

Plaintiff filed his amended complaint on January 27, 2020. (D.E. 9). In his amended complaint, Plaintiff lists Nueces County Jail in the caption and later identifies Officer Bedolla as a defendant. (D.E. 9, pp. 1, 3). Plaintiff sets forth his entire allegations in his amended complaint as follows:

> Bedolla denied medical attention, whereas Plaintiff requested him to nurse your face were burning and eyes[ sic]. Plaintiff never received any medical assist[ance] at 8:30 p.m., 8-1-6 [sic]."[1]

(D.E. 9, p. 3). Plaintiff seeks monetary relief.

## III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v.*

---

[1] Plaintiff initially indicated in his original complaint that the complained-of incident occurred on July 31, 2019. (D.E. 1, p. 4).

*Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).  A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless."  *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."  *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint."  *Id.* (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable.  *Id*.; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation.  *Twombly*, 550 U.S. at 555.  As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed.  *Id*.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). *Pro se* status does not, however, offer a plaintiff

"an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous. N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

## IV.   DISCUSSION

### A. Nueces County Jail

Plaintiff lists the Nueces County Jail in the caption of his amended complaint. The jail, however, is not an entity capable of being sued. *Rogers v. Nueces County Jail*, No. C-07-410, 2007 WL 4367814, at *4 (S.D. Tex. Dec. 13, 2007) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991)). Accordingly, to the extent Plaintiff seeks to sue the Nueces County Jail, the undersigned recommends that his claims against this entity be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.

### B. Officer Bedolla

Liberally construed, Plaintiff attempts to claim that Officer Bedolla acted with deliberate indifference to his serious medical needs. Prisoners are protected from cruel and unusual punishment by the Eighth Amendment. While not mandating a certain level of medical care for prisoners, the Eighth Amendment imposes a duty on prison officials

to ensure that inmates receive adequate medical care. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

An Eighth Amendment violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer*, 511 U.S. at 834. In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege that prison officials acted with deliberate indifference to serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 105 (1976); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The test for deliberate indifference has both an objective and subjective prong. Under the objective prong, the inmate "must first prove objective exposure to a substantial risk of serious harm." *Trevino v. Livingston*, No. 3:14-CV-52, 2017 WL 1013089, at *3 (S.D. Tex. Mar. 13, 2017) (citing *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006)). To prove the subjective prong of the deliberate indifference test, the inmate "must show both: (1) that the defendant was aware of facts from which the inference of an excessive risk to the [inmate's] health or safety could be drawn; and (2) that the defendant actually drew the inference that such potential for harm existed." *Trevino*, 2017 WL 1013089, at *3 (citing *Farmer*, 511 U.S. at 397 and *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999)).

In the context of medical treatment, the prisoner must show "that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal

quotation marks and citation omitted).  Deliberate indifference may be exhibited by prison doctors in their response to prisoners' needs, but it may also be shown when prison officials have denied an inmate prescribed treatment or have denied him access to medical personnel capable of evaluating the need for treatment.  *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).  A "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference [that] *results in substantial harm.*"  *Easter*, 467 F.3d at 464 (emphasis in original).

The deliberate indifference standard "is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."  *Gobert*, 463 F.3d at 346.  Deliberate indifference is more than mere negligence.  *Farmer*, 511 U.S. at 835.  "Even proof of gross negligence does not establish deliberate indifference."  *Levine v. Taylor*, No. 3:12-CV-186, 2017 WL 1215426, at *7 (S.D. Tex. Mar. 31, 2017) (citing *Whitley v. Hanna*, 726 F.3d 631, 641 (5th Cir. 2013)).

In this case, Plaintiff alleges that either his face or eyes were burning.  He provides no allegations to indicate how serious his condition was at the time he came into contact with Officer Bedolla or whether he suffered any long-lasting injury as a result of the "burning."  As Plaintiff alleged in his original complaint, a nurse examined Plaintiff before Plaintiff's encounter with Officer Bedolla and determined that Plaintiff's face was not burned and that his eyes were red.  (D.E. 1, p. 5).  Plaintiff's allegations in both his

original and amended complaints are conclusory and fail to suggest that he had been exposed to a substantial risk of serious harm. Furthermore, Plaintiff provides no specific facts that Oficer Bedolla was aware that Plaintiff had been subjected to a serious risk of harm and ignored that risk by denying treatment to Plaintiff. Accordingly, Plaintiff's deliberate indifference claim against Officer Bedolla should be dismissed with prejudice as frivolous and/or for failure to state a claim for relief.[2]

## V. CONCLUSION

Because Plaintiff has failed to state a cognizable claim in this action, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim for relief and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

ORDERED this 2nd day of March, 2020.

_____
Julie K. Hampton
United States Magistrate Judge

---

[2] Plaintiff is a serial filer of frivolous cases in this Court. While he was a prisoner, Plaintiff filed several cases which were dismissed as frivolous and/or for failure to state a claim for relief. Since his release from custody, Plaintiff has filed this case as well as four other cases with this Court. *See Myers v. East Texas Transit Facility*, No. 2:19-cv-405 (S.D. Tex. filed on Dec. 23, 2019); *Myers v. CCPD*, No. 2:20-cv-20 (S.D. Tex. filed on Jan. 17, 2020); *Myers v. Parole Board*, 2:20-mc-185 (S.D. Tex. filed on January 21, 2020); and *Myers v. CCPD*, No. 2:20-mc-186 (S.D. Tex. filed on Jan. 21, 2020). The assigned Magistrate Judge for each of these cases has recommended that they be dismissed as frivolous and/or for failure to state a claim for relief. Given Plaintiff's history as well as his current penchant for filing frivolous cases that tax the Court's limited resources, the undersigned finds that appropriate sanctions should be imposed against Plaintiff. The undersigned will recommend appropriate sanctions in a separate M&R.

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).